UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ERICA RICHARDSON, | **MEMORANDUM & ORDER** |
| Plaintiff, | 15-CV-2367 |
| – against – | |
| STATEN ISLAND UNIVERSITY HOSPITAL, and jointly and individually, ELIZABETH KEENEY, | |
| Defendants. | |

**JACK B. WEINSTEIN**, Senior United States District Judge:

**I.     Introduction and Background**

This is an appeal from a report and recommendation denying defendants' motion to dismiss for improper service. For the reasons stated below, the court adopts Magistrate Judge Gold's recommendation to deny the motion to dismiss.

Erica Richardson filed a complaint alleging employment discrimination against Staten Island University Hospital and Elizabeth Keeney ("Defendants"). *See generally* Compl., Apr. 27, 2015, ECF No. 1. Defendants moved to dismiss the complaint on grounds of improper service, arguing that service was not completed within the required time. Mot. to Dismiss, Sept. 21, 2015, ECF No. 14. The court referred Defendants' motion to Magistrate Judge Gold for report and recommendation. Order, Oct. 21, 2015, ECF No. 24.

Magistrate Judge Gold heard oral argument on Defendants' motion on November 20, 2015. *See* Report & Recommendation, Feb. 10, 2016, ECF No. 35 ("R&R"); *see also* Tr. of Civil Cause for Conference before the Hon. Steven M. Gold, Nov. 20, 2015, ECF No. 31 ("Hr'g

1

Tr."), at 24:15-23. Magistrate Judge Gold delivered an oral opinion denying Defendants' motion to dismiss. *See* Hr'g Tr. 24:1-27:18.

Defendants filed an objection to the R&R on December 7, 2015. *See* Defs.' Objs. to Magistrate Judge's Report & Recommendation on Defendants' Motion to Dismiss, Dec. 7, 2015, ECF No. 33 ("Defs. Objs."). On February 10, 2016, Magistrate Judge Gold issued a written recommendation confirming his oral decision. *See* R&R.

## II. Law

Prior to an amendment effective December 1, 2015, the Federal Rules of Civil Procedure provided that service of a complaint must be made no later than 120 days after the complaint is filed. Fed. R. Civ. P. 4(m). Rule 4(m) did and still does provide that if a plaintiff can show "good cause for the failure [of service], the court must extend the time for service for an appropriate period." The Court of Appeals for the Second Circuit has held that a district court has the discretion to grant an extension "even in the absence of good cause." R&R at 2 (citing *Zapata v. City of New York*, 502 F.3d 192 (2d Cir. 2007)). Relevant factors a court may consider when exercising its discretion are: "the relative prejudice to the parties (including whether the action would be barred by the statute of limitations and whether defendant had actual notice of the suit) and whether there is 'justifiable excuse' for the failure to properly serve." *Id.* (citing *Mares v. United States*, 2015 WL 5780447, at *1 (2d Cir. Oct. 5, 2015)).

## III. Analysis

It is undisputed that plaintiff attempted to serve Defendants within the 120 days, "and that defendants actually received copies of the complaint within the 120-day period." R&R at 3. Moreover, Magistrate Judge Gold ordered Defendants to accept service at the oral argument (to which defendants now object). Thus, "any defects there may have been in plaintiff's original

2

attempt at service were cured during the oral argument." *Id.* Importantly, plaintiff "will suffer substantial prejudice if she is denied the additional time . . . to correct any defects there may have been with her original attempt at service" because some of her claims would be barred by the statute of limitations. *Id.* at 3; *see also Zapata*, 502 F.3d at 197.

Under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, a civil action must be commenced within 90 days of notice of final action by the EEOC. 42 U.S.C. § 2000e-16(c). "Plaintiff received notice of her right to sue on February 11, 2015, and filed her complaint on April 27, 2015." Compl. at ¶ 16. Therefore, "if [plaintiff's] complaint is dismissed, even if the dismissal is without prejudice, [her] Title VII claims will be untimely." R&R at 3.

Additionally, defendants do not explain what harm they would suffer "if the additional time to perfect service" is allowed. *Id.*

The objection to the report and recommendation of the magistrate judge dated February 10, 2016 are overruled. The report and recommendation is adopted as an order of the court. Service has been properly accomplished.

SO ORDERED.

*/s/Jack B. Weinstein*
Jack B. Weinstein
Senior United States District Judge

Date:   June 10, 2016
        Brooklyn, New York

3